**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

**MARIO ESCALANTE,**

Plaintiff

v. **Case No. 1:25-cv-218**

**LINCOLN NATIONAL LIFE INSURANCE COMPANY,**

Defendant.

**PLAINTIFF'S ORIGINAL ERISA COMPLAINT**

COMES NOW, Mario Escalante, by his attorney, Justin S. Raines, RGV DISABILITY, PLLC, and for cause of action against Defendant, states:

1. Plaintiff is, and at all times material, has been, a resident of Lyford, Cameron County, Texas.

2. Defendant Lincoln National Life Insurance Company is a foreign corporations that engages in business in the State of Texas.

3. This action is brought under 29 U.S.C. §1132, §502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

4. Jurisdiction and venue are proper in this Court pursuant to subsection (e) of 29 USC §1132, §502(e) of ERISA.

5. Plaintiff was employed by Acrisure, LLC, was covered for long-term disability ("LTD") insurance under the Acrisure, LLC Policy issued before his date of disability, August 3, 2024.

6. The policy states that if Defendant issued a denial of disability benefits, Plaintiff could file one appeal before completing administrative review, and if the appeal was denied,

Plaintiff had the right to file suit under ERISA.

7. Coverage under the policy started on November 1, 2023.

8. The policy had a "pre-existing condition" provision that excluded LTD coverage for conditions that Plaintiff obtained treatment for during the three-month period prior to the start of coverage—*i.e.*, from August 1, 2023, until October 31, 2023.

9. Plaintiff filed a claim for LTD benefits due to symptoms and functional limitations from several impairments.

10. Defendant denied Plaintiff's claim on May 21, 2025, for having a pre-existing condition.

11. Plaintiff appealed the denial and submitted additional proof that his impairments occurred after the pre-existing condition period.

12. Plaintiff requested three extensions of time to submit additional evidence; Defendant granted the first two and denied the third after Plaintiff retained legal counsel.

13. Even though Plaintiff was within the original 180 days to appeal the initial denial, Defendant was in an inexplicable hurry to deny his claim.

14. Defendant did not obtain an independent review of the medical evidence and instead relied on its initial Clinical Services Department review, even after Plaintiff submitted additional medical evidence, violating Plaintiff's appeal rights.

15. Defendant breached the terms of the policy contract with Plaintiff by abusing its fiduciary relationship and failing to provide a full and fair review of the Plaintiff's claim.

16. Defendant acted in an arbitrary and capricious, negligent, and bad faith manner in wrongly and improperly evaluating the Plaintiff's claim, including construing the terms of the policy and evaluating evidence.

17. As a direct result of the arbitrary and capricious, negligent, and bad faith review of the Plaintiff's claim, and in breach of its fiduciary duties to impartially and fairly evaluate the claim of Plaintiff, Plaintiff has suffered financial loss and deprivation of contractual benefits under the policy.

WHEREFORE, Plaintiff requests the Court award him judgment against Defendant for all disability benefits due Plaintiff under the terms of the policy, together with accrued interest thereon, costs, reasonable attorney fees, and such other and further relief as the Court deems just in the premises.

Respectfully submitted,

RGV DISABILITY, PLLC

By: /s/ Justin S. Raines
Justin S. Raines
PO Box 2069
Harlingen, TX 78551
Phone: (833) 374-8774
Fax: (956) 300-6166
justin@rgvdisability.com
Attorney for Plaintiff