**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MARIO ESCALANTE,** <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **LINCOLN NATIONAL LIFE INSURANCE COMPANY,** <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **Case No. 1:25cv00218** |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Mario Escalanta ("Plaintiff"), and states as follows:

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Texas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in 2 of the Complaint.

3. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in 3 of the Complaint.

4. Lincoln admits the Court has jurisdiction over this action under ERISA and that venue is proper in this Court. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that Plaintiff was, at certain times, employed by Acrisure, LLC ("Acrisure") and that Plaintiff was, at certain times, a participant in the long term disability plan (the "LTD Plan"), which was sponsored by Acrisure. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by Group Long-Term Disability Insurance Policy No. GF3-890-LF0744-01 (the "Policy") that Lincoln issued to Acrisure and that the effective date of the Policy was January 1, 2022. Lincoln admits that Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff's effective date of participation in the LTD Plan Under the Policy was November 1, 2023. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits Plaintiff's claim was subject to the Pre-Existing Condition Exclusion in the Policy and under the definition of "Pre-Existing Condition"

in the Policy, the relevant period was from August 1, 2023, to October 31, 2023. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits it sent a letter to Plaintiff dated May 21, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it received an appeal of the denial of Plaintiff's claim for benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits that it received various email correspondence from Plaintiff and that Lincoln sent letters to Plaintiff dated June 18, 2025, July 25, 2025, August 21, 2025, and September 22, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in paragraph 12 of the Complaint.

13. Lincoln denies the allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln denies the allegations contained in Paragraph 15 of the Complaint.

16. Lincoln denies the allegations contained in Paragraph 16 of the Complaint.

17. Lincoln denies the allegations contained in Paragraph 17 of the Complaint.

18. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the LTD Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard. Moreover, Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the LTD Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 27th day of October 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Justin S. Raines
Email: justin@rgvdisability.com

October 27, 2025 /s/ Iwana Rademaekers
Date Iwana Rademaekers