**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MARIO ESCALANTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 1:25cv00218** |
| **LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE FEDERAL RULES OF CIVIL PROCEDURE 26(f)**

**1. State where and when the meeting of the parties required by Federal Rule of Civil Procedure 26(f) was held and identify the counsel who attended for each party.**

A conference was held on November 19, 2025. Following counsel attended the conference:

**For the Plaintiff:**
Justin S. Raines
RGV Disability, PLLC
PO Box 2069
Harlingen, TX 78551
PH: (833) 374-8774
FX: (956) 300-6166
Email: justin@rgvdisability.com

**For Defendant:**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

**2. List the cases related to this one that are pending in any state or federal court with the case number and court.**

None.

**3. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1332(e) and (f).

**4. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None at this time.

**5. List anticipated interventions, if any.**

None at this time.

**6. Describe class-action issues, if any.**

None at this time.

**7. State whether each party has made the initial disclosures required by Federal Rule of Civil Procedure 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

The parties agree that this case is exempt from the initial disclosures required by Fed. R. Civ. P. 26(a)(1)(B) because this is an action for review on an administrative record. In lieu of Fed. R. Civ. P. 26(a)(1)(B) disclosures, Defendant will produce the Administrative Record to Plaintiff, in pdf format, on or before December 15, 2025.

**8. Describe the proposed discovery plan, including:**

**A. Responses to all the matters raised in Federal Rule of Civil Procedure 26(f).**

Plaintiff's claims are governed by ERISA. A *de novo* standard of review applies unless the benefit plan gives the administrator authority to determine eligibility for benefits or to construe the terms of the plan, in which case the abuse of discretion standard is the appropriate standard of review in this action. If the abuse of discretion standard applies, discovery should be limited to the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *See Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011).

Defendant will produce the complete administrative record and the Policy, to Plaintiff by December 15, 2025, and the Parties do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure.

**B. When and to whom the plaintiff anticipates it may send interrogatories and/or requests for production;**

To Defendant prior to February 26, 2026.

**C. When and to whom the defendant anticipates it may send interrogatories;**

To Plaintiff prior to February 26, 2026.

**D. Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking oral depositions of the individuals who handled Plaintiff's claim for benefits, any in-house medical and vocational professionals who were involved in Plaintiff's claims, and any experts designated by Defendant by May 5, 2026.

**E. Of whom and by when the defendant anticipates taking oral depositions;**

None at this time.

**F. When the plaintiff (or party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Federal Rule of civil Procedure 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports;**

The Parties do not anticipate designating any experts.

**G. List expert depositions that the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated completion date. *See* Federal Rule of Civil Procedure 26(a)(2)(B).**

Plaintiff anticipates taking the depositions of Defendant's corporate representative by May 5, 2026.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. *See* Federal Rule of Civil Procedure 26(a)(2)(B).**

Not known at this time.

**9. If the parties are not agreed on a part of the discovery plan, describe each party's separate views and proposals.**

The parties agree on the discovery plan described above.

**10. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**11. Specify any modifications to the Preliminary Scheduling Order that one or more parties requests.**

None.

**12. Describe what each party has done or agreed to do to bring about a prompt resolution of the case.**

The Parties are currently engaging in early settlement discussions in an effort to promptly resolve this dispute. If those efforts are unsuccessful, the Parties agree that either a mediation before a mutually agreed-upon mediator or a Magistrate Settlement Conference may be beneficial.

**13. State the Alternative Dispute Resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

The parties believe that either non-binding mediation or a Magistrate Settlement Conference is an appropriate alternative dispute resolution method for resolving this matter if their discussions are not successful.

**14. Magistrate judges may now hear jury and non-jury trials. Indicate each party's respective position on a trial before a magistrate judge.**

All parties do not consent to a trial before a magistrate judge.

**15. State whether a jury demand has been made and if it was made on time.**

Because this case is governed by ERISA, a jury trial is not permitted.

**16. Specify the number of hours presenting the evidence in this case will take.**

N/A. This is a non-jury case. The parties believe this case can be resolved on cross dispositive motions under Fed. R. Civ. P. Rule 52.

**17. List pending motions that may be ruled on at the Initial Pretrial Conference.**

None.

**18. List other motions pending.**

None.

**19. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the Initial Pretrial Conference, and/or that could facilitate a prompt, efficient, and cost-effective preparation of the case.**

None at this time.

**20. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

**For the Plaintiff:**
Justin S. Raines
State Bar of Texas No. 24075520
S.D. of Texas Bar No. 3839025
RGV Disability, PLLC
PO Box 2069
Harlingen, TX 78551
PH: (833) 374-8774
FX: (956) 300-6166
Email: justin@rgvdisability.com

**Defendant**
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
Law Offices of Iwana Rademaekers, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

Dated: November 19, 2025

Respectfully submitted,

By: /s/ Justin S. Raines (w/permission)
Justin S. Raines
RGV Disability, PLLC
PO Box 2069
Harlingen, TX 78551
PH: (833) 374-8774
FX: (956) 300-6166
Email: justin@rgvdisability.com

ATTORNEYS FOR PLAINTIFF

- AND -

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT